(No. 2919— ▮▮▮▮▮▮▮▮▮▮)

RUSSELL F. WRIGHT, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 13, 1937.*

JOSEF T. SKINNER and ARTHUR H. ELLIS, for claimant.

OTTO KERNER, Attorney General; GLENN A. TREVOR and MURRAY F. MILNE, Assistant Attorneys General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Claimant, Russell F. Wright, entered the employ of the State of Illinois in February, 1933 and had been continuously employed thereafter until July 10, 1935. On the latter date he was working for the Division of Highways, as a helper in gravel repair work, on Illinois S. B. I. No. 92, in Bureau County. While loading a truck at a gravel pit the bank washed in, striking claimant on the right side and covering him waist deep. His companion extricated claimant from the gravel and he was taken to his home, and then, under the care of Dr. O. J. Flint, to the Hospital at Princeton. He was in the hospital from July 10th to July 15th, and thereafter at different times for X-rays. He performed no labor until June 15, 1936, since which time he has been employed under WPA at the gravel pit for a period of two weeks, four days in each week. Finding himself under strain at this work he was transferred and placed on a Project at the Bureau County Court House; where he had worked for six days up to the time of the taking of evidence on the 16th day of March, A. D. 1937.

Following his care at the Princeton Hospital, claimant was sent to the Methodist Hospital at Peoria, on January 9, 1936, where he received treatment under the care of Dr. Hugh E. Cooper. The latter testified that his first examination of claimant disclosed the following:

"A definite lateral instability in the right knee joint, with a forward and backward motion of the head of the Tibia on the Femur. There was a relaxation of the lateral ligaments of the knee joint and a stretching of the crucial ligaments which control the forward and backward motion of the Tibia on the Femur. A reconstruction of the lateral ligaments was performed. A long lateral incision was made along the outer side of the thigh and along fibrous structure which extends along the outer aspect of the thigh and attaches to the upper end of the Fibula just below the knee joint was cut loose at its upper end, a hole was drilled about a quarter inch in diameter laterally through the Femur, and the long strip of Facia Lata about an inch and a half wide was drawn through the hole in the Femur and brought down on the inner side of the Femural Condyle, and we having made another incision on the inner side of the knee joint and attached this Facia into the Periostium on the inner upper end of the Tibia, there giving a new ligament, enforcing both the inner and outer side of the knee joint. A cast was thereafter applied for a limited time."

Dr. Cooper, in testifying further as to claimant's present condition, stated:

"There remained little or no lateral instability in the knee, practically no forward and back movement of the Tibia on the Femur, with free mo-

tion in a straight line to about 90 degrees, as compared to complete flexion which would be about 145 degrees. Some atrophy of the muscles of the thigh is apparent,"

and according to Dr. Cooper, there exists a permanent loss of functioning in the leg of approximately thirty (30) per cent. In expressing this opinion the witness took into consideration that in work not requiring heavy lifting the disability would prove very slight, but that for active manual labor requiring complete flexion and strength, the disability would be in excess of the average of thirty (30) per cent disability, suggested in his answer.

The evidence supports a finding of partial loss of use of claimant's right leg.

It is conceded that claimant and respondent were operating under the Illinois Workmen's Compensation Act; that the accident arose out of and in the course of claimant's employment, that the necessary notices were given, and claim filed within the period provided by statute. It further appears by stipulation that all doctor, hospital and medical bills incurred by claimant, in the total amount of Four Hundred Fifty-one and 68/100 ($451.68) Dollars have been paid by respondent.

Claimant at the time of the injury was married and was the father of three children under sixteen years of age. He was receiving Forty (40) Cents per hour and working eight (8) hours per day. His actual earnings for the year previous covered one hundred ninety-seven (197) actual working days and amount to Six Hundred Ninety-five and 30/100 ($695.30) Dollars, which indicates that he was employed at times for more than eight hours per day. As the actual annual earnings are here shown, the award is properly made on such basis, under the construction which we place upon *Section 10 (e)* of the Act. Fifty (50) per cent of claimant's average weekly wage of Thirteen and 37/100 ($13.37) Dollars being less than Seven and 50/100 ($7.50) Dollars, the minimum weekly compensation payment for temporary total incapacity, and as claimant at the time of his injury had three children under sixteen years of age, the basis of weekly pay is fixed at Thirteen ($13.00) Dollars per week.

From the testimony of Dr. Flint claimant's temporary total disability ceased June 15, 1936, and the period of temporary total incapacity therefor is forty-eight (48) weeks

and five (5) days for which claimant would be entitled to the sum of Six Hundred Thirty-four and 80/100 ($634.80) Dollars. He was actually paid Five Hundred Thirty-eight and 72/100 ($538.72) Dollars, leaving a balance of Ninety-six and 08/100 ($96.08) Dollars due him for temporary total disability. The amount due for thirty (30) per cent partial loss of use of his right leg is Seven Hundred Forty-one ($741.00) Dollars, making a total award due the claimant of Eight Hundred Thirty-seven and 08/100 ($837.08) Dollars, payable in sixty-four (64) weekly installments of Thirteen ($13.00) Dollars each and one final installment of Five and 08/100 ($5.08) Dollars. The last payment received by claimant was on May 20, 1936. As the total number of weeks compensation has heretofore accrued claimant is entitled to immediate payment of the entire sum of Eight Hundred Thirty-seven and 08/100 ($837.08) Dollars, and an award is hereby made in favor of claimant for said amount.

This award being subject to the provisions of an Act entitled, "An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof," Approved July 3, 1937 (Sess. Laws 1937 p. 83) and being, by the terms of such act, subject to the approval of the Governor, is hereby, if and when such approval is given, made payable from said appropriation from the Road Fund in the manner provided for in such Act.